Kirkpatrick, C. J.
— This is an action for a penalty, grounded on the 6th .section of the act respecting apprentices and servants. Upon inspecting the proceedings of the justice, I do not perceive in them any matter of error. The reasons assigned for reversal, have no foundation in the record.
Rossell, J.
— This certiorari was brought to reverse a judgment obtained before John Paterson, Esquire, for a penalty under what is generally called the “apprentice act.”
By the 10th section of this act, it is enacted — “That no ■writ of certiorari or other process shall issue, to remove into the Supreme Conrt any proceedings had in pursuance of this act, before any justice or justices of the peace, or any court of general quarter sessions of the peace.”
On examining the act, I am of opinion, that this section .extends only to the proceedings of justices of the peace and Quarter Sessions, in disputes between masters, their apprentices and servants. The fifth section particularly designates the duty of the justices, and is, independent of any other law, a sufficient authority for their proceedings in complaints of masters, apprentices or servants.
The seventh section of the act, under which this suit was ■brought, declares that every person who shall counsel, persuade, entice, aid or assist any servant or apprentice to run away, &c., shall forfeit and pay thirty dollars, to be sued for by action of debt in any court having cognizance thereof.
This section fixes the penalty for the offence, and pre.scrib.es the form of suit, it is true, but gives no exclusive [*] jurisdiction to Justices of the Peace; neither does it give them any directions how to proceed. Taken by itself, then, ;it would be impossible for the injured to obtain redress un *189 tier it. A Justice of the Peace, on application to him for a recovery of tiiis penalty, does not look to this act (except in the two instances above alluded to) for directions how to proceed; but his proceedings are regulated by the act constituting Courts for the trial of Small Causes. Shall these proceedings, then, be said to be in pursuance of the apprentice act, or of the one last mentioned? I think clearly of the latter.
This being the case, I go to the examination of the reasons assigned for a reversal, not one of which, (and there are five,) are supported by the record. But as one of my brethren has taken up the state of demand, and is of opinion that the action cannot be sustained on it, I shall give a few reasons for a different opinion. The state of demand is as follows:
Nimrod Woodward, vs. y James Tallinan, j
In action of debt. 1806, April 25th. To ccunselling, persuading, enticing', aiding, and assisting, or some part thereof, my servant Phebe to absent herself from my service, contrary to the law of this State, made and provided, passed the 14th of March, 1798, in the penalty of thirty dollars, which 1 demand.
NIMROD WOODWARD.
This account rendered the 28th of July, 1806.
The plaintiff, in this state of demand, has pursued the very words of the act, and I think with much propriety. The Legislature, in the formation of this section, have used five different modes of expression, as descriptive of the of-fences it is intended to remedy, or punish. I say offences, as they, without doubt, intended to designate distinct and separate acts; for if there [*] is but a slight shade of difference in the words counselling, persuading, enticing, these certainly do not carry the same meaning as aiding and assisting. They have then classed distinct offences in the same section, and a person may be guilty of the -whole of these offences or a part of them, and so, as I understand it, says the plaintiff in his state of demand. But if it is said, that the words or some part thereof, are too vague and uncertain ; yet it is a rule of law, that where a jury find the substance of an issue, or a verdict or judgment is complete, other matter, though uncertain, shall be rejected as surplusage. 1 am of opinion, that for these reasons, the judgment be affirmed.
Pennington, J.
— I am clearly of opinion, that the state of demand, filed before the justice, cannot be supported, by reason of its uncertainty. The cause of action should be distinctly stated, and contain a direct charge. The most favourable construction for the plaintiff below, is the one contended for by his counsel, that the declaration ought to be read in such a manner, as to make it charge the defend *190 ant with counselling, persuading, enticing, aiding, and assisting his servant to absent herself from his service, or witli having done one of those acts. That is, you have committed a number of distinct offences, or you have committed one of them, without naming which one particularly. I apprehend, that this itself could not be supported, it would be vague and uncertain; you have done five things, or you have done one of the five. But the state of demand is not so certain as this ; for it charges the defendant with counselling, persuading, enticing, aiding, and assisting, &c., or ■ some part thereof; that is. you have done certain acts, or you have done some part of those acts, not some one of them. To commit part of an offence, or to commit part of four or five offences, does not make one offence; you cannot throw things together in this heterogenous manner, and make out an offence. These are all distinct offences, [*] though they are greatly similar; and although the difference between counselling and persuading is small, yet assisting is very distinct from persuading or counselling. For this uncertainty in the declaration, I think the judgment ought to be reversed. ' Judgment afiirmed.
Scudder, for plaintiff.
Hunter, for defendant.